SEYFARTH SHAW LLP
Mandana Massoumi (SBN 191359)
mmassoumi@seyfarth.com
Flavia A. Costea (SBN 329929)
fcostea@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

*Attorneys for Defendant*
TARGET CORPORATION

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE BALLESTEROS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION, and DOES 1 - 100, inclusive,<br><br>　　　　　Defendants. | Case No. 5:22-cv-403<br><br>(SBSC Case No. CIVSB2126098)<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)**<br><br>[28 U.S.C. §§ 1332 AND 1441(B)]<br><br>[Filed Concurrently With:<br>(1) Declaration of Mandana Massoumi In Support of Notice of Removal Diversity);<br>(2) Civil Case Cover Sheet;<br>(3) Corporate Disclosure Statement; and<br>(4) Certification of Interested Parties]<br><br>Action Filed:　　September 10, 2021<br>Action Removed:　March 4, 2022 |

79874013v.1

**PLEASE TAKE NOTICE THAT** Defendant TARGET CORPORATION ("Target" or "Defendant") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1441(b), and removes this action from the Superior Court of California, County of San Bernardino, to the United States District Court, Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446(b). The grounds for removal are stated below.

## I.     PROCEDURAL BACKGROUND

1. On September 10, 2021, Plaintiff Jacqueline Ballesteros ("Plaintiff") filed a civil complaint against Target Corporation and Does 1 through 100 in the Superior Court of the State of California in and for the County of San Bernardino, entitled "*Jacqueline Ballesteros v. Target Corporation, and Does 1-100, inclusive*," Case No. CIVSB2126098 ("State Court Action").

2. The Complaint asserts the following 10 causes of action against Target: (1) "Discrimination on the Basis of Disability in Violation of FEHA"; (2) "Harssment on the Basis of Disability in Violation of FEHA"; (3) "Retaliation for Complaining of Discrimination and/or Harassment on the Basis of Disability in Violation of FEHA"; (4) "Failure to Provide Reasonable Accommodation in Violation of FEHA"; (5) "Failure to Engage in the Interactive Process in Violation of FEHA"; (6) "Negligent Hiring, Supervision, and Retention"; (7) "Whistleblower Retaliation (Labor Code Section 1102.5)"; (8) "Wrongful Termination of Employment in Violation of Public Policy"; (9) "Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA"; and (10) "Intentional Infliction o Emotional Distress." True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet, are attached as **Exhibit A** to the Declaration of Mandana Massoumi in support of Notice of Removal (Diversity) ("Massoumi Decl."), filed concurrently herewith and incorporated herein by reference.

3. Plaintiff served the Complaint on Target's designated agent for service of process on February 4, 2022. *See* Massoumi Decl. ¶ 2, **Exhibit A**.

4. Target filed its Answer to Plaintiff's Complaint in the Superior Court for the County of Los Angeles on February 9, 2022, prior to filing this Notice of Removal. *See* Massoumi Decl. ¶ 3, **Exhibit B** (Target's Answer to Plaintiff's Complaint), and less than 30 days after it was served.

5. The Summons, Complaint, and Civil Case Cover Sheet (**Exhibit A**), Target's Answer to Plaintiff's Complaint (**Exhibit B**), and Target's Notice to State Court and to Adverse Party of Removal (**Exhibit C**) constitute all of the pleadings, process, and orders served and/or filed in the State Court Action.

## II.   DIVERSITY JURISDICTION

6. This Court has original subject matter jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. § 1332(a) because the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states. Accordingly, complete diversity exists between Plaintiff, on the one hand, and Target, on the other hand, and this action is removable to this Court pursuant to 28 U.S.C. § 1441.

7. Plaintiff is, and at all relevant times was, a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a). Plaintiff has resided in California since at least October 2018 when she began her employment with Target at its Rialto, CA store, and continued to work at this location in California throughout her employment with Target, until the separation of her employment on February 18, 2020. *See* Massoumi Decl. ¶ 2, **Exhibit A**, ¶¶ 8-12. Additionally, at the start of and during the course of her employment, Plaintiff provided personal information to Target and Plaintiff confirmed her home address was in Moreno Valley, California. Plaintiff's employment application for Target dated September 4, 2018, confirmed her residence was in Moreno Valley, California. *See* Massoumi Decl. ¶ 5, **Exhibit D** (Employment Application). Notably, Plaintiff's Complaint does not plead nor has Plaintiff provided any documentation that identifies the state of Minneapolis as her

2

1  residence. To the contrary, Plaintiff's Complaint confirms that she is a resident of
2  California. *See* Massoumi Decl. ¶ 2, **Exhibit A**, ¶ 1.
3      8.    Thus, Plaintiff's Complaint and related documents establish her
4  California citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.
5  2001) (A person is a "citizen" of the state in which he or she is domiciled. A person's
6  domicile is the place he or she resides with the intention to remain or to which he or
7  she intends to return.)
8      9.    A corporation is a "citizen" of both the state in which it was incorporated
9  and the state where it has its principal place of business. 28 U.S.C. § 1332(c). At the
10 time of the filing of the Complaint, Target was and currently is a Minnesota
11 Corporation, incorporated under the laws of the State of Minnesota. Target's
12 principal place of business is Minnesota under the "nerve center test," where it
13 maintains its corporate offices, corporate records, employs its top executives, and
14 pays its corporate taxes, among other things.[1] *Hertz Corp. v. Friend*, 559 U.S. 77
15 (2010) (adopting "nerve center" test for establishing principal place of business).
16 Relevant considerations under the "nerve center" test include: (1) where the
17 executives have their offices; (2) where the administrative and financial offices are
18 located and the records kept; (3) where the corporate income tax return is filed; (4)
19 where the "home office" is located; and (5) where day-to-day control of the business
20 is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal
21 1964). Additionally, "[i]n an effort to find a single, more uniform interpretation" of
22 "principal place of business," the United States Supreme Court held in *Hertz Corp.*
23 *v. Friend*, that "principal place of business" is "best read as referring to the place
24 where a corporation's officers direct, control, and coordinate the corporation's

---

[1] The "nerve center" test is generally utilized when a corporation's activities are conducted in many states. *See Lurie Co. v. Loew's San Francisco Hotel Corp.*, 315 F. Supp. 405, 412 (N.D. Cal. 1970). Target widely operates in approximately 48 states and Washington D.C.; therefore, the nerve center test is more appropriate. *See id.* In any event, given that Target's central functions are concentrated in Minnesota, the "place of operations" for Target is also in Minnesota. *See Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 497 (9th Cir. 2001).

1  activities." *Hertz Corp. v. Friend*, 559 U.S. at 92-94. In other words, "the place that Courts of Appeals have called the corporation's 'nerve center.'" *Id.* at 93. "[I]n practice," it is "the place where the corporation maintains its headquarters." *Id.*

10. Target meets the test articulated above. Target's "home office," where almost all its top executives work, is located in Minneapolis, Minnesota. Target also maintains its corporate records and controls business and activities from Minneapolis, Minnesota. Finally, Target files its corporate income tax returns in Minnesota.

11. Moreover, the District Court for the Central District of California has explicitly held that Target was not a California resident and removal to federal court was proper, including in *Chad Padilla, Jr. v. Target Corporation,* No. CV-0604977 PA (RCx) (C.D. Cal. Oct. 2, 2006) and in *Thomas Howell v. Target Corporation,* No. CV-05-8086-R (REX) (C.D. Cal. Jan 31, 2006) (diversity jurisdiction existed when Target had 16.7% of its employees, 17.4% of its sales and 14.4% of its stores in California). *See also Gonzalez v. Target Corp.*, No. CIV. S-13-1615 KJM, 2013 WL 5554959, at *2 (E.D. Cal. Oct. 8, 2013) (Denying motion for remand and finding that "Target is a citizen of Minnesota for diversity purposes."); *Lopez v. Target Corp.*, No. EDCV 11-1282 CAS OPX, 2011 WL 4852504, at *2 (C.D. Cal. Oct. 12, 2011) ("The Court finds that under *Hertz*, defendant Target's principal place of business is Minnesota."); *Castellanos v. Target Corp.*, No. 10-62456-CIV, 2011 WL 384292, at *1 (S.D. Fla. Feb. 3, 2011) ("Target is a citizen of Minnesota[.]")

12. Target is not aware of any Doe defendant having been served with a copy of the Summons and Complaint. Accordingly, the citizenship of any "Doe" defendants named in Plaintiff's Complaint may be disregarded for purposes of removal. 28 U.S.C. § 1441(a); *see also Newcombe v. Adolf Coors Co.*, 157 F.2d 686, 690-91 (9th Cir. 1998).

### III.   AMOUNT IN CONTROVERSY

13. In the "Prayer for Relief" of her Complaint, Plaintiff alleges that she

seeks: (1) general and special damages; (2) exemplary damages; (3) pre and post-judgment interest; (4) attorneys' fees[2]; (5) costs of suit; and (6) such other and further relief the Court deems just and proper. *See* Massoumi Decl. ¶ 2, **Exhibit A**, ¶¶ 13-16 and Prayer. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996)). "The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

14. On February 9, 2022, Target served counsel for Plaintiff with a Request for Statement of Damages. Massoumi Decl. ¶ 6, Target's Request for Statement of Damages, **Exhibit E.** On February 24, 2022, Plaintiff served her Statement of Damages ("Plaintiff's Statement of Damages"), alleging that Plaintiff's alleged damages *exceed* $1,151,000. *See* Massoumi Decl. ¶ 6, Plaintiff Jacqueline Ballesteros' Statement of Damages, **Exhibit F**. Specifically, Plaintiff's Statement of Damages confirmed that Plaintiff seeks the following in damages:

- Emotional distress damages for $500,000
- Loss of earnings for $61,094
- Loss of earning capacity for $90,000
- Punitive damages for $500,000

*See* Massoumi Decl. ¶ 6, **Exhibit F**.

15. Thus, by relying on the allegations of Plaintiff's Complaint (and relief sought therein), and Plaintiff's Statement of Damages and the allegations of the

---

[2] Plaintiff's Complaint alleges she is entitled to attorneys' fees. Massoumi Decl. ¶ 2, Exhibit A, ¶¶ 19-22, 26, 30, 34, 39, and Prayer. Again, while Target strongly disputes viability of any of the claims and damages sought by Plaintiff, the measure of fees sought by Plaintiff is that which accrues until the action is resolved. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002). Thus, consideration of attorneys' fees to calculate the amount in controversy is necessary and is likely to exceed $75,000 on its own. Moreover, as the court noted in *Simmons*, "attorneys' fees in individual discrimination cases often exceed the damages." *Id.* at 1035.

Complaint, Target is able to demonstrate the prerequisite jurisdictional amount in controversy. In establishing the amount in controversy, this burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1204-05. When determining whether a civil action exceeds the $75,000 jurisdictional amount in controversy requirement, the Court looks to "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount-in-controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Labastida v. McNeil Technologies, Inc.* (S.D. Cal., Feb. 25, 2011, No. 10CV1690-MMA CAB) 2011 WL 767169, at *3. The Court must presume the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability.")).

16. Accordingly, general, special, compensatory, and punitive damages, and attorneys' fees that are recoverable by statute may all be included in the jurisdictional amount in controversy calculation. *See, e.g., Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract. [citations]"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract." (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155, 1156 (9th Cir. 1998); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.3d 785-87 (9th Cir. 1963).

17. As noted, Plaintiff's Statement of Damages served on Defendant on

February 24, 2022 confirms that Plaintiff alleges damages such that the amount in controversy *exceeds* $75,000.  Specifically, it alleges damages *in excess of* $1,151,000.  *See* Massoumi Decl. ¶ 6, **Exhibit F**.  Thus, while Target disputes the merits of Plaintiff's claims and damages sought, as outlined greater below, Plaintiff's Statement of Damages and Complaint, including the claims for relief therein, establishes that the aggregated amount which Plaintiff alleges and hopes to recover "more likely than not" exceeds $75,000. *See* 28 U.S.C. § 1332(a). *See* Massoumi Decl. ¶ 2, **Exhibit A**.; Massoumi Decl. ¶ 6, **Exhibit F.**

### A. Economic Damages.

18.   As noted above, Plaintiff alleges in her Complaint that she "has suffered and will continue to suffer harm, including lost past and future income and employment benefits, damages to her career, and last wages, overtime, unpaid expenses, and penalties, and well as interest on unpaid wages.. *See* Massoumi Decl. ¶ 2, **Exhibit A**, ¶¶ 13, 21, 27, 34, 42, 50, 56, 62, 76, 83, and Prayer.  Courts routinely find removal appropriate in employment discrimination and retaliation cases, even when the alleged lost wages do not exceed the jurisdictional amount at the time of removal, because of the possibility of substantial punitive damages, emotional distress and attorneys' fee awards.  *See*, *Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW CWX, 2011 WL 3760058, at *2-3 (C.D. Cal. 2011) (removal appropriate where lost wages totaled $47,424); *Vasquez v. Arvato Digital Servs., LLC*, No. CV 11-02836 RSWL, 2011 WL 2560261, at *3, 5 (C.D. Cal. 2011) (same when lost wages estimated to be $25,171 at time of removal); *Chambers v. Penske Truck Leasing Corp.*, No. 1:11-CV-00381 LJO, 2011 WL 1459155, at *3 (E.D. Cal. 2011) (same when lost wages estimated to be $10,470 at time of removal); *Simmons*, *supra*, 209 F. Supp. 2d at 1031-35 (same where lost wages totaled $25,600 at time of removal).

### B. Non-Economic Damages.

19.   In addition to lost past and future wages and benefits, Plaintiff also seeks

7

to recover damages for emotional distress and mental suffering in the sum of $500,000, as stated in Plaintiff's Statement of Damages. *See* Massoumi Decl. ¶ 6, **Exhibit F.** Specifically, she alleges that as a result of Defendant's alleged conduct, she has suffered and will continue to suffer "psychological and emotional distress, humiliation, and mental and physical pain and anguish" *See* Massoumi Decl. ¶ 2, **Exhibit A**, ¶¶ 14, 22, 28, 35, 43, 51, 63, 68, 77, 84, and Prayer. "[T]he vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting that these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp.2d 447,450 (S.D. Cal. 1995).

### C.  Punitive Damages

20. Plaintiff also seeks an award of punitive damages against Target in the sum of $500,000, as stated in Plaintiff's Statement of Damages. *See* Massoumi Decl. ¶ 2, **Exhibit A**, ¶¶ 15, 24, 30, 37, 45, 53, 61, 65, 70, 79, 85, and Prayer; **Exhibit F**. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Although Target denies that Plaintiff is entitled to punitive damages, or any damages at all, her claims for lost wages, lost benefits, and other compensatory damages by the time of trial would, at the very minimum, exceed or come close to exceeding the jurisdictional amount.

### D.  Attorneys' Fees

21. Finally, Plaintiff seeks to recover attorneys' fees. *See* Massoumi Decl., **Exhibit A**, 16, 23, 29, 36, 71, and Prayer. Thus, while Target disputes the merits of Plaintiff's claims and damages sought, Plaintiff's request for attorneys' fees must be considered in ascertaining the amount in controversy. *See Galt*, *supra*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The measure of fees is that which accrues until the action is resolved. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002). As the court noted in *Simmons*,

"attorneys' fees in individual discrimination cases often exceed the damages." *Id.* at 1035.

## IV.  REMOVAL JURISDICTION

22. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it has been filed within less than 30 days after Target received Plaintiff's Complaint (served on Target on February 4, 2022) which confirmed that the amount in controversy is greater than $75,000. For all of the foregoing reasons, this Court has original jurisdiction of this action under 28 U.S.C. §§ 1332, 1441(b) and 1446(b).

23. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) as the state action was filed in this district and it is the judicial district in which this action arose.

24. Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles. The proof of service of this Notice to Adverse Party of Removal will be filed with this Court.

Dated: March 4, 2022         SEYFARTH SHAW LLP

                             By:  */s/ Mandana Massoumi*
                                  Mandana Massoumi
                                  Flavia Costea
                                  Attorneys for Defendant
                                  TARGET CORPORATION